**In the Interest of S.R.L. and L.L.**

**No. 14–06–00659–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 8, 2007.

---

Stephen A. Doggett, Robert Leon Thomas, Richmond, for appellants.

Carey Graham, Ken Bryant, Tami Kay Terry, Richmond, David Perwin, Rosenberg, Duke Elton Hooten, Austin, Nancy Gene Pofahl, Houston, for appellees.

Panel consists of Justices YATES, FOWLER, and GUZMAN.

## OPINION

LESLIE B. YATES, Justice.

Appellant Luciano Lopez appeals from the trial court's order terminating his parental rights to his children S.R.L. and L.L. In five issues, he challenges the legal and factual sufficiency of the evidence supporting the termination findings, claims the trial court failed to render judgment within the statutory time frame, and asserts that his counsel provided ineffective assistance. Because we determine the evidence is legally and factually insufficient to support a finding that terminating appellant's parental rights is in the best interest of the children, we reverse and remand.

S.R.L. and L.L., ages five and three at the time of the termination hearing, are appellant's children with a woman named Jessica Lopez, to whom appellant was not married but coincidentally shared a surname. The Texas Department of Family and Protective Services (DFPS) became involved with Jessica in 2005 after receiving a report regarding one of Jessica's children with another man. The two children at issue in this case eventually went to live with relatives (one with a paternal aunt and the other with a maternal aunt), and Jessica voluntarily relinquished her parental rights.

During this time, appellant was incarcerated for assault. This was not his first trouble with the law. Over the previous ten years, appellant had been incarcerated frequently after being convicted of a series of misdemeanor crimes, including theft, drug possession, and several assaults, including assaults on Jessica and Jessica's mother but not his children. In 2003, appellant was again convicted of assault and, with enhancements, sentenced to ten years in prison. DFPS sought to terminate appellant's parental rights, arguing among other things that he knowingly engaged in criminal conduct resulting in incarceration and the inability to care for his children for not less than two years from the date of filing of the petition, as set

forth in subsection Q of section 161.001 of the Family Code. TEX. FAM. CODE ANN. § 161.001(1)(Q) (Vernon Supp.2006).

At the termination hearing in June 2006, appellant presented evidence that he had changed his life and wanted an opportunity to parent his children. He testified that he took anger management classes in prison and that these classes had made a difference in his life. He learned to change his method of conflict resolution, as evidenced by the fact that he has not been involved in any fights in prison. DFPS provided appellant a service plan, and he completed all portions that he could while in prison. Appellant explained the steps he has taken to prepare for a productive life outside of prison. To make himself employable, he took over 750 hours of electrical training, receiving several commendations from his instructor, and he tutored other prisoners. Appellant married during his incarceration, and appellant stated that he planned on living with his wife in her house after his release. Appellant's mother testified that appellant is a changed man and that she and her husband would fully support appellant and his children after his release until he can get back on his feet. Appellant has also maintained contact with his children and has written letters to his two older children (not the subject of this suit) explaining the mistakes he has made in his life and urging them to avoid the path he took.

Appellant apparently impressed both the children's guardian ad litem and the trial court judge. Even though the guardian recommended terminating appellant's parental rights solely based on appellant's history, he stated that he believed appellant "should have some involvement with [the children]." Upon further questioning, the guardian again confirmed that he believed that appellant's parental rights should be terminated to give the children a stable home but hoped that appellant could still visit the children, even though he realized such a scenario was probably legally impossible. The trial judge also seemed conflicted. He stated repeatedly that he felt he did not "have any choice" but to terminate appellant's parental rights under subsection Q because "he's been in jail so much," but he wanted to allow appellant to have access to his children. For example, the judge stated:

> I don't see that I have got any choice. Is there any provision under the law— and I don't know of any, but is there any provision under the law that would allow me to terminate his parental rights and yet allow him to continue [to have] access to these children. I don't know of that.

After terminating appellant's parental rights under subsection Q, the judge called appellant's mother into the courtroom and explained to her as follows:

- He had just terminated appellant's parental rights because he had been in jail so much.
- He had heard no evidence that appellant had "done anything bad" to these children.
- He would not order appellant to stay away from his older children in appellant's mother's possession, but that she should carefully monitor all visits.
- He "hope[d] there is some way that [appellant] can have some kind of contact with these children" but "he can't award it to him" because "[t]here's no legal basis for it."

■ A trial court can terminate a parent's rights to his children only after finding both a statutory ground for termination and that termination is in the children's best interest. TEX. FAM. CODE ANN. § 161.001; *In re S.M.L.*, 171 S.W.3d 472, 476 (Tex.App.-Houston [14th Dist.] 2005, no pet.). At the termination

hearing, the trial judge found only a statutory ground for termination, subsection Q, but did not find that termination was in the children's best interest, although he later included such a finding in his written order.[1] Appellant argues on appeal that the evidence is legally and factually insufficient to support termination of his parental rights.

■ Parental rights can be terminated involuntarily only by a showing of clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001; *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex.2002). "Clear and convincing evidence" means "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (Vernon 2002); *In re J.F.C.*, 96 S.W.3d at 264. When reviewing factual findings required to be made by clear and convincing evidence, we apply a standard of review that reflects this burden of proof. In evaluating the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the finding to determine whether a reasonable factfinder could have formed a firm belief or conviction that the finding was true. *In re J.F.C.*, 96 S.W.3d at 266. In a factual sufficiency review, we must also determine whether a factfinder could reasonably form a firm belief or conviction about the truth of the allegations by reviewing the entire record. *Id.*

■ Appellant argues the evidence is legally and factually insufficient to establish either subsection Q as a statutory ground for termination or that termination is in the children's best interest. We agree that the evidence is insufficient to show that the trial judge formed a firm belief or conviction that termination is in the children's best interest.[2] Termination of the parent/child relationship is a complete severance and divests for all time the parent's rights to the child. *See In re J.R.*, 171 S.W.3d 558, 567 (Tex.App.-Houston [14th Dist.] 2005, no pet.). Because it is such a drastic remedy, termination proceedings should be strictly scrutinized. *Id.* It is apparent from the trial judge's own statements that he did not form a firm conviction or belief that appellant should be deprived of all rights to his children. Indeed, he stated several times that he wanted appellant to have a part in his children's lives but felt he had no choice but to terminate appellant's parental rights under subsection Q. But he did have a choice. The factfinder must find both a statutory violation and that termination is in the children's best interest. The trial judge may have believed DFPS conclusively established a statutory ground for termination under subsection Q, but the best interest determination is a separate inquiry. *See In re S.M.L.*, 171 S.W.3d at 476. Because the trial judge did not actually form a firm conviction or belief that severing appellant's relationship with his chil-

1. In his fourth issue, appellant argues that the trial court should have dismissed the suit because it did not make this best interest finding during the oral rendition and thus the court did not render final judgment within the statutory deadline, which fell in between the time of the oral rendition and the written order. *See* TEX. FAM. CODE ANN. § 263.401(a) (Vernon Supp.2006) (providing a one-year deadline for final order or dismissal in certain suits affecting the parent/child relationship).

In his fifth issue, appellant argues his trial counsel was ineffective in many respects, including by failing to move for dismissal before the statutory deadline. Because we find the evidence legally and factually insufficient to sustain the termination order, we need not reach these issues.

2. We note that the Attorney General concedes these issues in its appellate brief.

dren was in their best interest, we conclude the evidence is legally insufficient.

■ We also conclude the evidence is factually insufficient to support a best interest finding. That a parent is imprisoned does not automatically establish that termination of parental rights is in the child's best interest. *See In re C.T.E.*, 95 S.W.3d 462, 466 (Tex.App.-Houston [1st Dist.] 2002, pet. denied) ("Termination of parental rights should not become an additional punishment for imprisonment for any crime."). Though appellant has a violent and unstable past, he presented substantial and uncontradicted evidence that he has turned his life around. He took anger management classes, which helped him change his attitude about conflicts and keep him out of fights in prison. He complied with all portions of the service plan possible in prison. Appellant developed job skills and has a home and family support structure in place to help him upon release. Given this evidence of changes in appellant's life and the judge's finding that appellant has never "done anything bad" to these children, we conclude the evidence is factually insufficient for the trial court to have formed a firm conviction or belief that terminating appellant's parental rights is in the children's best interest. *See In re W.C.*, 98 S.W.3d 753, 766 (Tex. App.-Fort Worth 2003, no pet.) (finding factually insufficient evidence to support best interest finding where mother, despite past bad conduct, had "made significant progress, improvements, and changes in her life," had a good support system in place, and had done everything possible to have her children returned); *In re C.T.E.*, 95 S.W.3d at 467–69 (holding evidence to support best interest finding factually insufficient when, among other things, incarcerated father had prepared to be reunited with his family by taking parenting courses, anger management classes, and

job training); *In re K.C.M.*, 4 S.W.3d 392, 399 (Tex.App.-Houston [1st Dist.] 1999, pet. denied) (reversing best interest finding for factual insufficiency based on the way mother turned her life around while incarcerated).

We sustain appellant's first three issues. We reverse the trial court's judgment, render judgment that terminating appellant's parental rights to S.R.L. and L.L. is not in the children's best interest, and remand for further proceedings consistent with this opinion.