

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00263-CV

**IN THE INTEREST OF X.E.R.**, a Child

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA02538
Honorable Laura Salinas, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Karen Angelini, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  October 31, 2018

AFFIRMED

Appellees filed suit to terminate appellant H.F.R., Jr.'s parental rights to his daughter, X.E.R., and for appellees to adopt X.E.R. Appellees are the sister and brother-in-law of X.E.R.'s biological mother. The trial court signed an order terminating appellant's parental rights and a separate order was signed granting the adoption. Appellant now challenges the order of termination, arguing the evidence is legally and factually insufficient to support the trial court's finding that termination was in the child's best interest. We affirm the trial court's order.

## BACKGROUND

Appellee K.S. is the older sister of K.D., who gave birth to a child, X.E.R, at the age of 18. After the child's birth, K.D. and X.E.R. lived with K.S., her husband, J.S., and their two children. K.D. decided she wanted her sister and brother-in-law to raise the child, and filed an affidavit of

relinquishment. Thereafter, K.S. and J.S. filed a petition to terminate appellant's parental rights. At the time of trial, appellant was incarcerated. Appellant had a history of criminal behavior. In 2003 or 2004, he was convicted of felony possession with intent to distribute methamphetamine and placed on probation. While on probation he sexually assaulted a 14-year-old; he was convicted of the offense, his probation was revoked, and he was sentenced to eight years' confinement. After he was released from prison, appellant met K.D. In 2015, he was arrested for possession with intent to distribute methamphetamine and he was convicted of the offense in 2016. He is currently serving a 25-year sentence.

K.D. testified that appellant is her ex-boyfriend. She met appellant when she was 18 and became pregnant soon thereafter. Appellant was violent toward her on at least 40-50 occasions and threatened to kill her several times. He was also destructive, and once punched a hole through her windshield and broke a door off her car. Because of this physical violence, K.D. sought and was granted a protective order prohibiting appellant from contacting her. During their relationship, she witnessed appellant use and sell drugs, specifically methamphetamines. She stated that appellant has seen their daughter twice: on August 27, 2015 when she was born and at a doctor's appointment approximately two weeks later; at no other time did he try to see her or have contact with her. Appellant was "on the run" for several months, and during that time he violated the protective order by coming to the home where K.D. and X.E.R. were living during the night. Appellant threatened to take the child and flee to Mexico. K.D. filed five police reports alleging appellant violated the protective order.

K.D. testified that she struggles with post-traumatic stress disorder stemming from the time she spent with appellant and suffers from other mental illnesses. She does not think she and appellant can give X.E.R. the life she deserves. K.D. moved into her sister's home with X.E.R. the day after X.E.R. was born. X.E.R. came under the sole care of K.S. and J.S. in January of

2017.  K.D. stated that X.E.R. is flourishing in their care and that she is loved unconditionally and given everything she deserves.  Appellant has not provided any financial support to X.E.R. since her birth.  No one in appellant's family has offered to care for X.E.R.  K.D. stated appellant had a short fuse and she feared he would mistreat X.E.R. or even kill her if allowed to have possession of her.

K.S. testified that X.E.R. initially suffered from some developmental delays, but is now caught up.  K.S. is a stay-at-home mom and has two sons, ages two and three.

Appellant testified he is serving a 25-year sentence and that at least 22 years remain on his sentence if not paroled.  He is eligible for parole in November 2018 and already has two jobs lined up.  He admitted that his being paroled in November was not guaranteed.  He further testified he has completed anger management and parenting classes while in prison.

### STANDARD OF REVIEW AND STATUTORY REQUIREMENTS

In a private proceeding to terminate the parent-child relationship brought under section 161.001, the petitioner must establish by clear and convincing evidence two elements: (1) a predicate violation, i.e., one or more acts or omissions enumerated under subsection (b)(1) of section 161.001; and (2) that termination is in the best interest of the child.  TEX. FAM. CODE ANN. § 161.001(b)(1), (2).

The factfinder must find that both elements are established by clear and convincing evidence, and proof of one element does not relieve the petitioner of the burden of proving the other.  *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976).  "Clear and convincing evidence" is defined as "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."  *Spangler v. Tex. Dep't of Protective & Reg. Servs.*, 962 S.W.2d 253, 256 (Tex. App.—Waco 1998, no pet.).  In this case, the trial court found clear and convincing evidence of one predicate ground to

terminate appellant's parental rights and also found termination of his parental rights was in the best interest of the child. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(Q), (2).

We evaluate the legal and factual sufficiency of the evidence to support the trial court's findings under the standard of review established by the Texas Supreme Court in *In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002). Under this standard, the trial court is the sole judge of the weight and credibility of the evidence. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam).

### BEST INTEREST FINDING

In determining the best interest of a child, courts apply the non-exhaustive *Holley* factors to shape their analysis. *Holley*, 544 S.W.2d at 371-72. Those factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody of the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). "A trier of fact may measure a parent's future conduct by his past conduct [in] determin[ing] whether termination of parental rights is in the child's best interest." *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied).

Here, there was evidence that appellant was incarcerated and serving a twenty-five-year prison sentence. A parent's imprisonment is not automatic grounds for termination. *In re S.R.L.*, 243 S.W.3d 232, 236 (Tex. App.—Houston [14th Dist.] 2007, no pet.). It is, however, a factor to

be considered in determining the child's best interest, in light of the expected length of the imprisonment and whether appellant's criminal conduct supports an inference he endangered the child's safety. *In re C.T.E.*, 95 S.W.3d 462, 466 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). Appellant admitted he had a lengthy criminal history and that at least 22 years of his sentence remained. In addition, there was evidence that appellant was physically violent toward K.D. and was quick to anger; that he violated the restraining order on multiple occasions; that he used drugs; that he has spent very little time with the child; that X.E.R. has been in appellees' sole care for over a year and has lived with them for the entirety of her life; and that X.E.R. was thriving in the care of K.S. and J.S. and that her biological mother wanted her to be adopted by and raised by K.S. and J.S. *See, e.g., Holley*, 544 S.W.2d at 371-72.

Viewing the evidence in the light most favorable to the trial court's finding under subsection 161.001(2), we conclude the trial court reasonably could have formed a firm belief or conviction that termination of the parent-child relationship is in X.E.R.'s best interest. *See J.F.C.*, 96 S.W.3d at 266. Viewing all of the evidence, the disputed evidence is not so significant that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. *See id.* In light of the entire record, the trial court reasonably could form a firm belief or conviction that termination is in X.E.R.'s best interest. *See id.* We thus conclude the evidence is legally and factually sufficient to support the trial court's finding that termination of appellant's parental rights was in the child's best interest and we overrule appellant's sole issue on appeal.

## CONCLUSION

The order of the trial court is affirmed.

Rebeca C. Martinez, Justice