Opinion issued October 14, 2021



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-21-00263-CV

————————————

## IN THE INTEREST OF A.R., A CHILD

———

**On Appeal from the 313th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-27937**

———

## MEMORANDUM OPINION

The trial court terminated the appellant's parental rights as to his son. On appeal, the appellant's counsel has filed an *Anders* brief contending that his client's appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967) (authorizing appellant's counsel to assert that there are not any non-frivolous grounds for appeal

so long as he files brief addressing "anything in the record that might arguably support the appeal"). We agree. We therefore affirm the trial court's judgment.

## BACKGROUND

After a bench trial, the trial court terminated the appellant's parental rights as to his son. As grounds for termination, the trial court found by clear and convincing evidence that the appellant had:

- engaged in conduct or knowingly placed his son with persons who engaged in conduct that endangers his son's physical or emotional wellbeing;

- his parent–child relationship terminated with respect to another child based on a finding that he either knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the child's physical or emotional wellbeing or engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional wellbeing; and

- constructively abandoned his son as defined by the Family Code.

*See* TEX. FAM. CODE § 161.001(b)(1)(E), (M), (N). It also found by clear and convincing evidence that the termination of the appellant's parental rights was in his son's best interest. *See id.* § 161.001(b)(2).[1]

A.R., the child at issue, was two years old at the time of trial. At trial, four witnesses testified: Angel Greer, a caseworker for the Texas Department of Family

---

[1]  The trial court also terminated A.R.'s mother's parental rights. But she has not appealed from the trial court's judgment.

and Protective Services; the appellant, who is A.R.'s father; Adrianna Martinez, a child advocate; and James Orr, who is A.R.'s maternal uncle.

Greer testified that A.R. first came to the Department's attention when he was one year old as a result of his mother's mental-health issues and erratic behavior. The Department initially placed A.R. with his maternal grandmother and later placed him with Orr, which is where A.R. remains. Greer testified that A.R. is doing well in his current placement. A.R. has bonded well with Orr's family, and Orr and his family plan to adopt A.R. Greer testified that it is in A.R.'s best interest to remain with Orr's family as well as for the appellant's parental rights to be terminated.

In her testimony, Greer noted that the appellant was incarcerated at the time of trial. Evidence shows that the appellant has significant criminal history spanning the period from July 1994 through January 2016. His criminal history includes convictions for arson, assault causing bodily injury, burglary, criminal mischief, criminal trespass, driving while intoxicated, interference with an emergency request for assistance, making a false report to a police officer, and unauthorized use of a vehicle.[2] According to Greer, the appellant has not financially supported A.R.

---

[2] This information is taken from the affidavit of Ashley Fulton, who is an investigator employed by the Department. The appellant's counsel states in his *Anders* brief that Fulton's affidavit was not introduced into the evidence at trial. But counsel is mistaken. The affidavit was introduced as part of Exhibit P1.

During Greer's testimony, she also discussed a July 2017 decree terminating both the mother's and the appellant's parental rights as to another child when he was a year-and-a-half old. The decree terminating their parental rights as to this other child included child-endangerment grounds. *See id.* § 161.001(b)(1)(D)–(E). The Department introduced this July 2017 decree into evidence.

The appellant testified that he was incarcerated in the Harris County Jail when A.R. first came to the Department's attention and had been incarcerated there for about five months preceding the bench trial. He was in jail at the time of the bench trial awaiting trial on charges of credit card abuse, possession of a controlled substance, robbery, and making a terroristic threat. But he did not know when he would stand trial for these alleged offenses or when he would get out of jail.

The appellant testified that he has been to prison four times. These four sentences stem from his prior felony convictions for arson, assault, burglary, and unauthorized use of a vehicle. In total, the appellant has spent a little more than twelve-and-a-half years in prison.

The appellant conceded that he has been incarcerated for most of A.R.'s life—all but three months of it. The appellant also agreed that he has not provided any care for A.R. thus far, including during the three months in which he was free. The appellant explained that he was "in a residential drug and alcohol treatment facility during those three months," and thus unable to care for A.R.

4

Martinez has been assigned to A.R.'s case for almost a year. She testified that he is doing well in his current placement with Orr and his family. Martinez recommended that A.R. remain with the Orr family. In addition, Martinez was supportive of the Orr family's plan to adopt A.R.

Finally, Orr testified that A.R. has lived with his family for almost a year. Orr stated that he treats A.R. like one of his own children. He also stated that he and his wife are willing and able to adopt A.R. Orr thought it was in A.R.'s best interest to remain with his family.

## DISCUSSION

The appellant's counsel has filed an *Anders* brief. Based on counsel's evaluation of the record, he contends there are not any non-frivolous grounds for appeal. In particular, he maintains that the evidence is legally and factually sufficient to support the trial court's termination of the appellant's parental rights because:

- the appellant has already had his parental rights terminated as to another child based on child-endangerment grounds;

- the appellant's lengthy criminal history and corresponding history of incarceration shows parental unfitness; and

- the appellant's son is doing very well in his current foster placement and his foster parents are willing and able to adopt him.

The appellant's counsel also contends no other arguable grounds for appeal exist.

We ordered the district clerk to provide the appellant with a copy of the record. The deadline for the appellant to file a pro se response opposing his counsel's *Anders* brief passed more than two months ago, but he has not filed a pro se response.

## I.    *Anders* **Briefs in Suits Involving the Termination of Parental Rights**

*Anders* procedures are appropriate in appeals from judgments terminating parental rights. *In re J.S.*, 584 S.W.3d 622, 638 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Under *Anders*, counsel fulfills his professional obligations by filing a brief that complies with the appellate rules, evaluates the record, and explains why there are no arguable grounds for reversal on appeal. *See id.* at 638–39.

When we receive an *Anders* brief, we must independently review the record and decide for ourselves whether arguable grounds for an appeal exist. *Id.* at 639. If we conclude that one or more arguable grounds exist, we must abate the appeal and remand the case to the trial court so that it may allow counsel to withdraw and appoint another attorney to represent the appellant on appeal. *Id.* If we conclude that there are no non-frivolous grounds for appeal, we affirm the trial court. *Id.*

## II.   **Legal and Factual Sufficiency of the Evidence Supporting Termination**

### A.    **Legal Standard for Terminating Parental Rights**

A parent's rights to the care, custody, and management of his or her child are constitutional in scope. *Santosky v. Kramer*, 455 U.S. 745, 758–59 (1982); *In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003). But parental rights are not absolute; the

6

Department may seek termination of the rights of those who are not fit to accept the responsibilities of parenthood. *In re A.V.*, 113 S.W.3d 355, 361 (Tex. 2003). The primary focus in a termination suit is protecting the child's best interest. *Id.*

To terminate parental rights under the Family Code, the Department must establish that a parent committed one or more statutorily enumerated predicate acts or omissions and that termination is in the child's best interest. FAM. § 161.001(b)(1)–(2). The Department need only establish one of these predicate acts or omissions, along with the best-interest finding. *See id.; In re A.V.*, 113 S.W.3d at 362. But the Department must make these showings by clear and convincing evidence. FAM. § 161.001(b). Clear and convincing evidence is "proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* § 101.007.

Section 161.001(b)(2)'s best-interest finding is a separate inquiry from section 161.001(b)(1)'s predicate acts and omissions. *In re S.R.L.*, 243 S.W.3d 232, 235 (Tex. App.—Houston [14th Dist.] 2007, no pet.). But evidence used to prove predicate acts or omissions may be probative in deciding a child's best interest. *In re A.A.A.*, 265 S.W.3d 507, 516 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).

Multiple non-exclusive factors bear on a child's best interest. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include:

- the child's desires;

7

- the child's emotional and physical needs now and in the future;

- the emotional and physical danger to the child now and in the future;

- the parental abilities of those seeking custody;

- the programs available to assist them to promote the child's best interest;

- their plans for the child or the plans of the agency seeking custody;

- the stability of the home or proposed placement;

- the acts or omissions of the parent that may indicate the existing parent–child relationship is not proper; and

- any excuse for the parent's acts or omissions.

*Id.*; *Yonko v. Dep't of Family & Protective Servs.*, 196 S.W.3d 236, 243 (Tex. App.—Houston [1st Dist.] 2006, no pet.). These factors are not exhaustive, no one factor is controlling, and a single factor may be adequate to support termination on a particular record. *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002); *In re J.M.T.*, 519 S.W.3d 258, 268 (Tex. App.—Houston [1st Dist.] 2017, pet. denied).

**B.     Legal and Factual Sufficiency Review in Termination Cases**

Because of the elevated burden of proof in a termination suit—clear and convincing evidence—we do not apply the traditional formulations of legal and factual sufficiency on appeal. *In re A.C.*, 560 S.W.3d 624, 630 (Tex. 2018).

In conducting a legal-sufficiency review in a termination case, we cannot ignore undisputed evidence contrary to a finding, but we must otherwise assume the factfinder resolved disputed facts in favor of the finding. *Id.* at 630–31; *see In re K.M.L.*, 443 S.W.3d 101, 112–13 (Tex. 2014) (reviewing court credits evidence that

8

supports finding if reasonable factfinder could do so and disregards contrary evidence unless reasonable factfinder could not do so). The evidence is legally insufficient if, viewing all the evidence in the light most favorable to a finding and considering undisputed contrary evidence, a reasonable factfinder could not form a firm belief or conviction that the finding is true. *In re A.C.*, 560 S.W.3d at 631.

In conducting a factual-sufficiency review in a termination case, we must weigh disputed evidence contrary to a finding against all the evidence in favor of the finding. *Id.* We consider whether the disputed evidence is such that a reasonable factfinder could not have resolved it in favor of the finding. *Id.* The evidence is factually insufficient if, in light of the entire record, the disputed evidence a reasonable factfinder could not have credited in favor of a finding is so significant that the factfinder could not have formed a firm belief or conviction that the finding is true. *Id.* In reviewing for factual sufficiency, however, we must be careful not to usurp the factfinder's role. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014).

Deciding whether, and if so to what degree, to credit the evidence introduced at trial is the factfinder's role, not ours. *In re J.O.A.*, 283 S.W.3d 336, 346 (Tex. 2009). The factfinder is the sole arbiter of witness credibility. *Id.*; *In re J.S.*, 584 S.W.3d 622, 634 (Tex. App.—Houston [1st Dist.] 2019, no pet.). In a bench trial, the trial judge is the factfinder who weighs the evidence, resolves evidentiary

conflicts, and evaluates witnesses' demeanor and credibility. *In re R.J.*, 579 S.W.3d 97, 117 (Tex. App.—Houston [1st Dist.] 2019, pet. denied).

### C. Analysis

#### 1. Predicate Acts and Omissions

The prior termination of a parent's rights as to one child on child-endangerment grounds is a sufficient statutory predicate ground for the termination of the parent's rights as to another child. *See id.* § 161.001(b)(1)(M). Thus, standing alone, the prior termination of the appellant's rights as to another child constitutes legally and factually sufficient evidence of a predicate ground for the termination of the appellant's parental rights as to A.R. as a matter of law. *See In re C.M.J.*, 573 S.W.3d 404, 411–12 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (holding that prior termination of parental rights on child-endangerment grounds conclusively proved statutory predicate ground for termination under § 161.001(b)(1)(M)).

The trial court also found by clear and convincing evidence two additional statutory predicate grounds for termination, including one child-endangerment ground. *See* FAM. § 161.001(b)(1)(E). Ordinarily, an appellate court must review such an endangerment finding even if, as here, another predicate ground for termination is satisfied, given the collateral consequences of endangerment findings. *See In re N.G.*, 577 S.W.3d 230, 234–37 (Tex. 2019) (per curiam). But we need not do so in this case because the trial court's endangerment finding does not impose

any collateral consequences that the appellant is not already subject to as a result of the prior July 2017 termination decree, which also included endangerment findings. *See In re R.S.*, No. 01-20-00126-CV, 2020 WL 4289978, at \*6 (Tex. App.—Houston [1st Dist.] July 28, 2020, no pet.) (mem. op.) (current child-endangerment finding does not impose any additional consequences on appellant who already has had parental rights to another child terminated on child-endangerment grounds).

## 2. Child's Best Interest

The record before us is limited. However, this limited record is sufficient to support the trial court's judgment. In particular, we note four circumstances on which the trial court could have relied in finding by clear and convincing evidence that termination of the appellant's parental rights is in A.R.'s best interest.

First, the appellant has recently had his parental rights terminated as to another child on endangerment grounds, which permits an inference that his past endangering conduct may recur as to A.R. *See In re J.D.G.*, 570 S.W.3d 839, 851 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (past endangering conduct may create inference that it will recur and endanger child's wellbeing). The record does not contain any evidence of reformation on the appellant's part. Thus, nothing in the record rebuts the inference that the appellant's endangering conduct may recur.

Second, the appellant has a criminal history that spans two decades and includes multiple felony convictions. He has been imprisoned more than once for

11

significant periods of time. In total, he has spent more than a decade in prison. Such repeated criminal conduct evidences parental unfitness and permits an inference that the appellant poses a danger to A.R.'s wellbeing. *See In re V.V.*, 349 S.W.3d 548, 555 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (en banc) (extensive criminal history and history of incarceration permits inference of endangerment).

Third, the appellant has played no part in A.R.'s life. A.R. was two years old at trial, and the appellant has not provided any care to his son. Whether the appellant's failure to play a role in A.R.'s life results from indifference, unavailability, or both, his lack of involvement evidences an inability to parent that weighs in favor of the trial court's best-interest finding. *See In re M.D.M.*, 579 S.W.3d 744, 773 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (scant support and contact supported finding that termination was in children's best interest).

Fourth, A.R. has bonded well with his foster family, who wish to adopt him. His foster family provides the love, stability, and support that a young child like A.R. requires and that he otherwise would lack. These circumstances likewise support the trial court's finding that the termination of the appellant's parental rights is in A.R.'s best interest. *See In re J.M.T.*, 519 S.W.3d 258, 270 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (stability and permanence are important in upbringing of child and fact that child was thriving in foster care supported best-interest finding).

Taken together, these four circumstances show that multiple *Holley* factors weigh in favor of the termination of the appellant's parental rights, including A.R.'s emotional and physical needs now and in the future, the emotional and physical danger to A.R. now and in the future, the appellant's parental abilities, the stability of A.R.'s present home and proposed future placement, and the acts and omissions of the appellant indicating the existing parent–child relationship is not proper. Furthermore, the limited record contains no countervailing evidence in the father's favor whatsoever. Thus, the evidence is legally and factually sufficient to support the trial court's best-interest finding. *See In re A.C.*, 560 S.W.3d at 630–31.

## III. The Absence of Other Arguable Grounds for Appeal

We have reviewed the record. Like appellant's counsel, we have not identified any other arguable grounds for appealing from the trial court's judgment.

The lone issue that the record could conceivably raise is ineffective assistance of counsel. At trial, the appellant interjected, "I object to this trial because I haven't had any contact with my attorney at all since the beginning of this case." He added that he had "no opportunity to discuss this case" with counsel. Thus, one might suggest, the limited record and lack of evidence in the appellant's favor resulted from the appellant's trial counsel's ineffective assistance.

But as in criminal cases, a claim of ineffective assistance in a termination suit requires an appellant to show that his counsel's performance was deficient and that

this deficiency prejudiced the defense. *In re J.O.A.*, 283 S.W.3d at 341–42, 344. Here, assuming that counsel's failure to meet with his client before trial constitutes deficient performance, the appellant nonetheless cannot show prejudice because the record establishes that most of the evidence weighing in favor of the termination of his parental rights was not only undisputed but also effectively indisputable.

The Department introduced into evidence the July 2017 decree terminating the appellant's parental rights as to another child on child-endangerment grounds. The appellant acknowledged this prior termination in his testimony. Similarly, the Department introduced into evidence a summary of the appellant's extensive criminal history. The appellant acknowledged the most serious of these offenses, the four felonies for which he was imprisoned for more than twelve years total. Thus, the key evidence from which the appellant's parental unfitness may be inferred is incontestable in the main.

Moreover, the appellant has not filed a response opposing his counsel's *Anders* brief. Thus, he has not called to our attention any evidence that he claims his counsel could have introduced at trial but did not introduce to his detriment. When his trial counsel asked the appellant if there was "anything" he wanted to let the trial court know showing that "somehow the best interest of the child" was not served by his current placement, he replied, "No." The appellant conceded that he could not care for A.R. at present due to his incarceration.

In sum, the record does not raise an arguable claim of ineffective assistance because a claim for ineffective assistance must be firmly founded in the record, and this is not the case here. *See In re M.T.R.*, 579 S.W.3d 548, 574 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (ineffective-assistance claim must be firmly founded in record, which must affirmatively show ineffectiveness and resulting harm).

## CONCLUSION

We have reviewed the entire record and find no reversible error. We therefore affirm the trial court's judgment terminating the appellant's parental rights.

The appellant's counsel also moved to withdraw. By separate order, the court has already denied his motion to withdraw. *See In re J.S.*, 584 S.W.3d at 639 (counsel filing *Anders* briefs in suits for termination of parental rights not entitled to withdraw even when they are correct that non-frivolous grounds for appeal do not exist). If the appellant chooses to pursue a petition for review in the Supreme Court of Texas, counsel may fulfill his obligations by filing a petition for review that satisfies the standards for an *Anders* brief, just as he did in this court. *See id.*

Gordon Goodman
Justice

Panel consists of Justices Goodman, Landau, and Countiss.

15